Curtis B. Coulter (Nevada Bar No. 3034)
**LAW OFFICES OF CURTIS B. COULTER, P.C.**
403 Hill Street, Reno, Nevada 89501
Telephone: (775) 324-3380
Facsimile: (775) 324-3381
ccoulter@coulterlaw.net

*Counsel for Plaintiff Louisiana Municipal*
*Police Employees Retirement System and Proposed*
*Liaison Counsel*

(Additional counsel listed on signature page)

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| NASSER MORADI, RICHARD BUCKMAN, DOUGLAS TOMLINSON, and MATT ABBEDUTO, derivatively on behalf of LAS VEGAS SANDS CORP., <br><br> Plaintiffs, <br><br> v. <br><br> SHELDON GARY ADELSON, MICHAEL A. LEVEN, CHARLES D. FORMAN, IRWIN A. SIEGEL, IRWIN CHAFETZ, GEORGE P. KOO, JEFFREY H. SCHWARTZ, JASON N. ADER, <br><br> Defendants, <br><br> and <br><br> LAS VEGAS SANDS CORP., <br><br> Nominal Defendant. | Case No. 2:11-cv-00490-GMN-(RJJ) <br><br> Action Filed: April 1, 2011 |

*(Caption continued on following page)*

**PLAINTIFF LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE ITS REPLY IN FURTHER SUPPORT OF ITS MOTION TO CONSOLIDATE AND TO APPOINT LEAD PLAINTIFF AND LEAD AND LIAISON COUNSEL AND MEMORANDUM OF <u>POINTS AND AUTHORITIES IN SUPPORT THEREOF (FIRST REQUEST)</u>**

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, derivatively on behalf of LAS VEGAS SANDS CORP., <br><br>                Plaintiff, <br><br>   v. <br><br>SHELDON G. ADELSON, MICHAEL A. LEVEN, IRWIN CHAFETZ, CHARLES D. FORMAN, JEFFREY H. SCHWARTZ, IRWIN A. SIEGEL, JASON N. ADER, GEORGE P. KOO, WING T. CHAO, <br><br>                Defendants, <br><br>   and <br><br>LAS VEGAS SANDS CORP., <br><br>                Nominal Defendant. | Case No. 2:11-cv-00595-RLH-(GWF) <br><br>Action Filed: April 18, 2011 |
| JOHN ZAREMBA, derivatively on behalf of LAS VEGAS SANDS CORP., <br><br>                Plaintiff, <br><br>   v. <br><br>SHELDON G. ADELSON, MICHAEL A. LEVEN, IRWIN A. SIEGEL, JEFFREY H. SCHWARTZ, JASON N. ADER, CHARLES D. FORMAN, IRWIN CHAFETZ, GEORGE P. KOO, and WING T. CHAO, <br><br>                Defendants, <br><br>   and <br><br>LAS VEGAS SANDS CORP., <br><br>                Nominal Defendant. | Case 2:11-cv-00636-RLH-(GWF) <br><br>Action Filed: April 22, 2011 |

Plaintiff Louisiana Municipal Police Employees Retirement System ("LAMPERS") hereby moves this Court pursuant to Local Rule 6-1(b) for a one-day extension of time for LAMPERS to file its Reply in further support of LAMPERS' Motion to Consolidate Related Derivative Actions and to Appoint Lead Plaintiff and Lead and Liaison Counsel (the "Reply"). LAMPERS filed its Motion to Consolidate Related Derivative Actions and to Appoint Lead Plaintiff and Lead and Liaison Counsel on May 19, 2011.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On May 19, 2011, LAMPERS filed its Motion to Consolidate Related Actions and to Appoint Lead Plaintiff and Lead and Liaison Counsel in the action captioned *Louisiana Municipal Police Employees Retirement System v. Adelson, et al.*, No. 2:11-cv-00595-RLH-(GWF) (the "LAMPERS Action"). The following day, LAMPERS filed a Notice of that motion (ECF No. 16) with this Court in the action captioned *Moradi, et al. v. Adelson, et al.*, No. 2:11-cv-00490-GMN-(RJJ) (the "*Moradi* Action").[1] On June 6, 2011 LAMPERS timely filed its opposition brief to the *Moradi* Plaintiffs' Motion for Consolidation, and Appointment of Lead Counsel and Liaison Counsel (ECF No. 25), and the *Moradi* Plaintiffs filed their opposition brief to LAMPERS' motion (ECF No. 29). On June 16, 2011, the *Moradi* Plaintiffs filed a reply brief in further support of their motion, and on June 17, 2011, LAMPERS filed its Reply in further support of its motion.

Thereafter, on June 27, 2011, the *Moradi* Plaintiffs filed a Motion to Strike LAMPERS' Untimely Filings (ECF No. 37), indicating that pursuant to Local Rule 7-2(c) LAMPERS' Reply was due on June 16, 2011. Upon receipt of that motion, counsel for LAMPERS first realized

---

[1] Unless noted otherwise, all ECF document numbers provided herein refer to the document numbers assigned in the *Moradi* Action.

that it had incorrectly calendared the Reply deadline as June 17, 2011, instead of June 16. As set out in the Declaration of Justin O. Reliford filed herewith, this mistake resulted from counsel's use of the Local Rules posted on the Nevada District Court's website, which do not reflect the 2009 amendments to those rules which shortened the time for reply briefs from eleven days to seven days. *See* Declaration of Justin O. Reliford at ¶¶ 3-4. As set forth below, the Ninth Circuit and this District Court have routinely found that such errors constitute "excusable neglect" justifying an extension of a filing deadline. Furthermore, counsel for the *Moradi* Plaintiffs do not oppose LAMPERS' instant request. Accordingly, LAMPERS respectfully requests that the Court grant it a one-day extension of its deadline to file its Reply, such that the Court will consider the Reply brief (and supporting documents) already on file as timely filed.

## II.  ARGUMENT

It is within this Court's discretion pursuant to Local Rule 6-1(b) to extend the time period for LAMPERS to file its Reply due to the "excusable neglect" that resulted in the delayed filing. *See* LR 6-1(b) ("A request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect."). In evaluating such a request, this Court must consider: (1) the danger of prejudice to the *Moradi* Plaintiffs; (2) the length of LAMPERS' delay and its potential impact on the proceedings; (3) the reason for the delay, and (4) whether LAMPERS' conduct was in good faith. *See Ahanchian v. Xenon Pictures*, 624 F.3d 1253, 1261-62 (9th Cir. 2010) (applying the foregoing balancing test to hold that a district court erred in refusing to accept a filing that was three days late due to a calendaring error); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (holding that a delay in filing caused by counsel's mistake when calendaring the filing deadline constituted excusable neglect and that the district court erred in failing to consider

the foregoing factors before denying the party's requested extension).[2]  When considered, these factors strongly support granting LAMPERS' request to extend the time to file its Reply by one day.

First, there is no danger of prejudice to the *Moradi* Plaintiffs by granting LAMPERS a one-day extension of time to file its Reply.  Indeed, the *Moradi* Plaintiffs do not oppose LAMPERS' request.[3]  *See* Declaration of Justin O. Reliford at ¶8.  In any event, because the matters discussed in LAMPERS' Reply will be addressed by the Court when it rules on LAMPERS' and the *Moradi* Plaintiffs' competing motions for appointment of a leadership structure, it would not serve the Ninth Circuit's stated preference for adjudicating issues on the merits or the interests of judicial economy to strike or otherwise disallow the filing.  *See Molfetta v. Time Ins. Co.*, No. 2:07-cv-01240-JCM-LRL, 2010 WL 2041703, at *1 (D. Nev. May 17, 2010) ("Due to the judicial preference of adjudicating claims on the merits, the court has exercised its discretion and considered Plaintiff's untimely opposition, and all arguments presented therein."); c*f. Dayton Valley Investors, LLC v. Union Pac. RR Co.*, 664 F. Supp. 2d 1174, 1179 (D. Nev. 2009) (finding good cause for allowing a belated summary judgment motion where the Court would "eventually address" the issues raised in that motion).

Second, LAMPERS has requested only a one-day extension of time.  Courts routinely hold that much longer delays do not preclude a finding of "excusable neglect."  *See Pincay*, 389

---

[2]  These factors, called the "*Pioneer* factors," were established by the Supreme Court in *Pioneer Inv. Servs. Cop. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).  "Although the Court in *Pioneer* considered the meaning of 'excusable neglect' under Federal Rule of Bankruptcy Procedure 905(b)(1), the Court also reviewed the various contexts in which the federal rules of procedure use the term and indicated that the same test applies in all contexts." *Kendall v. Nevada*, No. 3:08-cv-521-LRH-VPC, 2010 WL 276679, at *1 (D. Nev. Jan. 15, 2010) (finding excusable neglect for a two-day delay in filing an opposition to a dispositive motion where counsel erred in calculating the response deadline, but there was no indication of bad faith and little risk of prejudice to the other party), *rev'd on other grounds*, *Kendall v. Nevada*, No. 10-15223, 2011 WL 1979599 (9th Cir. 2011).

[3]  As the *Moradi* Plaintiffs are the only parties that timely opposed LAMPERS' motion and the only parties to move to strike LAMPERS' filing, no other party to the related derivative actions could claim any prejudice.

F.3d at 855 (holding that a 24-day delay in filing a notice of appeal was "excusable neglect"). This is especially true where, as here, the delay will have no effect on the timing of the ultimate resolution of the matter. *See Ahanachian*, 624 F.3d at 1262 ("the length of delay was a mere three days; filing the opposition then would not have adversely affected either the summary judgment hearing date, which was ten days away, or the trial, which was two and a half months away.").

As to the third factor, the Ninth Circuit has explained that there are no *per se* rules "against late filings attributable to any particular type of negligence." *Pincay*, 389 F.3d at 860. Thus, the Ninth Circuit has expressly held that a counsel's calendaring error, which resulted in a late filing, qualified as "excusable neglect." *See id*. Here, as in *Pincay*, the delay can be traced to an honest mistake in calendaring the appropriate reply deadline. While LAMPERS' counsel regrets the error, such an error is a justification that the Ninth Circuit recognizes as warranting an extension of time. *See id.; Kendall*, 2010 WL 276679, at *1 (allowing an untimely filing where counsel misread the local rules and filed her brief two days after her reply was due).

Last, it is clear that counsel's honest mistake here does not demonstrate any bad faith. As Circuit Judge Berzon noted in his concurrence in *Pincay*, "[t]he good faith consideration goes to the absence of tactical or strategic motives" for the delay. 389 F.3d at 861. As explained herein, the delay resulted from the honest mistaken belief of counsel that the Reply was not due before June 17 as a result of counsel's use of the local rules from the District Court's website which did not reflect the most recent amendments. Thus, neither LAMPERS nor its counsel sought to gain any tactical or strategic advantage by filing the Reply one day late. Accordingly, the fourth *Pioneer* factor also weighs in favor of granting the extension. *See Ahanchian*, 624 F.3d at 1262.

**III.    CONCLUSION**

For the foregoing reasons, LAMPERS respectfully requests that the Court grant it a one-day extension of its deadline to file a Reply in further support of its Motion to Consolidate Related Derivative Actions and to Appoint Lead Plaintiff and Lead and Liaison Counsel, such that the Court will consider the Reply brief (and supporting documents) already on file (ECF Nos. 31-33) as timely filed.

DATED: June 30, 2011

**LAW OFFICES OF CURTIS B. COULTER, P.C.**

/s/ Curtis B. Coulter
Curtis B. Coulter
403 Hill Street,
Reno, Nevada 89501
Telephone: (775) 324-3380
Facsimile: (775) 324-3381
ccoulter@coulterlaw.net

*Counsel for Plaintiff Louisiana Municipal Police Employees Retirement System and Proposed Liaison Counsel*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Kristen L. Ross
Justin O. Reliford
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (267) 948-2512
ezagar@ktmc.com
rwinchester@ktmc.com
kross@ktmc.com
jreliford@ktmc.com

*Counsel for Plaintiff Louisiana Municipal Police Employees Retirement System and Proposed Lead Counsel*

********

**IT IS SO ORDERED:**

DATED:   July 7, 2011

_____
UNITED STATES DISTRICT JUDGE

-6-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 30, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and have further provided notice to all counsel of record in the related derivative actions brought on behalf of Nominal Defendant Las Vegas Sands Corp. through the same electronic filing system.

      /s/ Curtis B. Coulter
      Curtis B. Coulter